JOHN J. SANSONE, County Counsel
County of San Diego
By WILLIAM H. SONGER, Senior Deputy (SBN 153733)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4749
Facsimile: (619) 531-6005

Attorneys for Defendant County of San Diego

FILED
08 APR -8 PM 4:02
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ECL  DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

KATHLEEN COYNE, an individual,

    Plaintiff,

v.

COUNTY OF SAN DIEGO, a public entity; COUNTY OF SAN DIEGO DEPARTMENT OF THE PUBLIC DEFENDER, a public agency; and DOES 1-25, inclusive

    Defendants.

CASE NO. 08 CV 0639 JLS LSP

NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

    Comes now Defendant, County of San Diego, by and through its undersigned counsel, and hereby gives Notice of Removal of the civil action entitled Kathleen Coyne, v. County of San Diego, et al., Case No. 37-2008-00078991-CU-OE-CTL, from the Superior Court of the State of California, in and for the County of San Diego, Central Division, to the United States District Court for the Southern District of California. In support thereof, Defendant respectfully states to this honorable Court as follows:

    1.    Pursuant to the provisions of 28 U.S.C. sections 1441 et seq., defendant hereby removes this action to the district court.

Notice of Removal

2. The Complaint in this action, a copy of which is attached as Exhibit A, attempts to assert retaliation claims under Title VII, 42 U.S.C. section 2000e-3(a) over which the district court would have original jurisdiction.

DATED:

4-8-08

JOHN J. SANSONE, County Counsel

By *[signature]*
WILLIAM H. SONGER, Senior Deputy
Attorneys for Defendant County of San Diego

Case 3:08-cv-00639-JLS-LSP    Document 1    Filed 04/08/2008    Page 3 of 13

```
 1  LAW OFFICE OF MARK ALAN BENNETT
    Mark A. Bennett [SBN 175974]
 2  1111 Sixth Avenue, Suite 404
    San Diego, CA 92101
 3  Telephone:    (619) 237-5308c
    Facsimile:    (619) 237-5309
 4
    Attorneys for Plaintiff
 5  KATHLEEN A. COYNE
```

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO - CENTRAL DIVISION

| | |
|---|---|
| KATHLEEN A. COYNE, an individual; | CASE NO. 37-2008-00078991-CU-OE-CTL |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1. Sex Discrimination [Govt. Code §12940(a)]; |
| COUNTY OF SAN DIEGO, a public entity; COUNTY OF SAN DIEGO, DEPARTMENT OF THE PUBLIC DEFENDER, a public agency; and DOES 1 through 25, inclusive, | 2. Retaliation [Govt Code §12940(h)]; |
| | 3. Retaliation (42 U.S.C. 2000e 3(a)] |
| Defendants. | |

Plaintiff alleges:

### ALLEGATIONS REGARDING JURISDICTION AND VENUE

1. At all relevant times herein mentioned, Plaintiff KATHLEEN A. COYNE ("Coyne") was an adult female resident of the County of San Diego, State of California.

2. At all relevant times mentioned herein, Defendant THE COUNTY OF SAN DIEGO ("County") was a political subdivision of the State of California and a public entity.

3. At all relevant times mentioned herein, Defendant THE OFFICE OF THE PUBLIC DEFENDER ("Public Defender") was a Department within the County of San Diego, charged with providing legal services for indigent criminal defendants.

4. The true names and capacities of DOES 1 through 25 are unknown to Plaintiff.

1  Coyne will seek leave to amend this complaint to insert their true names and capacities when the
2  same have been ascertained. Coyne is informed and believes and thereon alleges that each such
3  fictitiously named Defendant is liable to Coyne for the acts, events and occurrences alleged
4  herein as a result of said Defendant's relationship to the remaining Defendants, or by
5  participation in said acts, events and occurrences.

6      5.    Coyne is informed and believes and thereon alleges that except when otherwise
7  alleged, each of the Defendants herein mentioned was the agent, employee or representative of
8  the remaining Defendants and was acting within the course, scope and authority of said
9  relationship.

10     6.    The wrongful acts and omissions alleged to have occurred herein were performed
11 by managing agents, servants, and employees of Defendants or were ratified by its managing
12 agents, servants, and employees.

13     7.    At all relevant times herein mentioned, County was an employer as that term is
14 defined by Govt. Code §§12940 *et seq.*, and Cal. Code of Reg. §7286.5(a).

15     8.    Jurisdiction is proper in the Superior Court because the amount in controversy is
16 in excess of $25,000 with respect to Plaintiff's claims.

17     9.    Venue is proper in San Diego County because the wrongful acts of Defendants
18 occurred within the County and because Defendants do business within the County of San
19 Diego.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

21     10.    Coyne began practicing law in 1982 and began working as a Deputy Public
22 Defender in San Diego County in January 1989. For her entire career Coyne's practice has been
23 exclusively devoted to indigent criminal defense. She has extensive experience in complex
24 defense litigation, especially in cases involving complicated psychological issues, coerced
25 confessions, eyewitness identification, and child abuse and molestation.

26     11.    In recognition of her superior skill in representing indigent criminal defendants,
27 Coyne has received numerous awards including Public Defender of the Year from the California
28 Public Defender's Association; Trial Lawyer of the Year from the Criminal Defense Bar of San

1  Diego; the Skip Glenn Award for "extraordinary accomplishments by a young defense lawyer"
2  from the California Attorneys for Criminal Justice; the Defender Organizations of San Diego
3  County's E. Stanley Conant Award for "efforts to protect the rights of the indigent accused." and
4  she has been named one of San Diego County's Top Attorneys by the San Diego Daily
5  Transcript. Coyne's work has been featured extensively in local, state, and nation-wide print
6  media, and she has appeared as a legal expert on several nationally-broadcast television
7  programs.

8      12.   Coyne began handling felony matters in the El Cajon Branch the San Diego
9  Superior Court in September 1999. In or about January 2006 Coyne reached an agreement with
10 the Public Defender, Steven J. Carroll, to the effect that she would remain in the El Cajon
11 Branch until at least June 2009, so that she could maintain her full case-load while attending to
12 the special needs of her learning-disabled son.

13     13.   On or about November 21, 2006, the Public Defender announced the results of
14 the Deputy Public Defender class IV to class V promotions. In this round of promotions 14
15 Deputy Public Defenders were promoted from class IV to class V; of this number, only two were
16 women.

17     14.   In or about January 2007, four of the class IV female candidates who were passed
18 over for promotion filed a civil service administrative action appealing their denial of
19 promotion and alleging that they were not promoted because of a longstanding pattern and
20 practice of gender bias within the Department of the Public Defender.

21     15.   On or about March 7, 2007, Coyne spoke before the County Commission on the
22 Status of Women in support of the four unsuccessful female candidates who were pursuing their
23 remedies against the County and the Department. During her presentation Coyne detailed her
24 experience with the "glass ceiling" in the Department; noted the lack of women in the highest
25 levels of the Department and in supervisory positions; and related how she had been passed over
26 in her own efforts to attain a supervisory position in favor of male Deputy Public Defenders who
27 were junior to her in grade and experience.

28     16.   On or April 12, 2007, Coyne was notified that she was to be transferred from her

long time duty assignment in the El Cajon Branch to the Juvenile Delinquency Branch in downtown San Diego. Coyne did not request the transfer, nor did she have any experience representing juvenile defendants. Coyne requested the transfer be reconsidered, but her request was denied and the transfer became effective May 18, 2007. This action was in retaliation for Coyne's longstanding opposition to gender bias in the Department and for her support of the four women who were challenging the results of most recent round of competitive promotions.

## FIRST CAUSE OF ACTION

### Sex Discrimination [Govt. Code sec. 12940(a)]

### As to all Defendants

17. Coyne realleges and incorporates herein by reference all preceding paragraphs.

18. At all relevant times mentioned herein the California Fair Employment and Housing Act ("FEHA"), Government Code sections 12900, *et seq.*, was in force and effect, and was applicable to Plaintiff's employment with the County.

19. At all relevant times mentioned herein Coyne was an "Employee" as defined by Government Code section 12926(c).

20. At all relevant times mentioned herein the County was an "Employer" as defined by Government Code section 12926(d).

21. Government Code section 12940(a) states that it is an unlawful employment practice for an employer "to discriminate against [a] person in the terms, conditions, or privileges of employment" based on the person's sex.

22. As set forth in detail above, Defendants violated Government Code Section 12940(a) by knowingly creating a working environment within the Department permeated with bias against women; for discriminating against Coyne in the terms, conditions, and privileges of employment by transferring her because of her expressed opposition for longstanding the pattern and practice of gender bias within the Department

23. As a further direct and proximate result of Defendants' conduct, Coyne has suffered the loss of promotion and supervisory opportunities, severe psychological and emotional injury, mental distress and shock, humiliation, chagrin, worry, and oppression of a

1  lasting nature. The full amount of the Coyne's damages are unknown, but are within the
2  jurisdiction of this Superior Court.

3      24.    Coyne has exhausted all necessary administrative remedies by filing complaints
4  of discrimination with the Department of Fair Employment and Housing, and receiving right-to-
5  sue letters.

6      25.    As a further direct and proximate result of Defendants' conduct, Coyne has been
7  required to obtain legal counsel to protect her rights, and have thereby incurred attorneys' fees in
8  an amount to be proven at the time of trial. Pursuant to Government Code section 12965(b),
9  Coyne requests an award of reasonable attorneys' fees against Defendants.

## SECOND CAUSE OF ACTION

### Retaliation - Govt. Code Section 12940(h)

### As to All Defendants

13      26.    Plaintiff realleges and incorporates by reference all preceding paragraphs as
14  though fully set forth herein.

15      27.    At all relevant times mentioned herein the California Fair Employment and
16  Housing Act ("FEHA"), Government Code sections 12900, *et seq.*, was in force and effect, and
17  was applicable to Coyne's employment with County of San Diego.

18      28.    Government Code section 12940(h) makes it unlawful for "an employer ... or
19  person to discharge, expel, or otherwise discriminate against any person because the person has
20  opposed any practices forbidden under this part, or the person has filed a complaint, testified, or
21  assisted in any proceeding under this part."

22      29.    Beginning on or about April 12, 2007, and continuing through the present time,
23  Defendants, and each of them, violated Government Code section 12940(h) by adversely
24  transferring Coyne to from the El Cajon Branch to the Juvenile Delinquency Branch in San
25  Diego as retaliation for her opposition and/or complaints about gender discrimination which she
26  reasonably believed violated Government Code section 12900, et seq.

27      30.    As a further direct and proximate result of Defendants' conduct, Coyne has
28  suffered the loss of promotion and supervisory opportunities, severe psychological and

1  emotional injury, mental distress and shock, humiliation, chagrin, worry, and oppression of a lasting nature. The full amount of the Coyne's damages are unknown, but are within the jurisdiction of this Superior Court.

31. Coyne has exhausted all necessary administrative remedies by filing complaints of discrimination with the Department of Fair Employment and Housing, and receiving right-to-sue letters.

32. As a further direct and proximate result of Defendants' conduct, Coyne has been required to obtain legal counsel to protect her rights, and have thereby incurred attorneys' fees in an amount to be proven at the time of trial. Pursuant to Government Code section 12965(b), Coyne requests an award of reasonable attorneys' fees against Defendants.

## THIRD CAUSE OF ACTION

### Retaliation - Title VII 42 U.S.C. 2000e-3(a)

### As to All Defendants

33. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

34. The anti-retaliation provision in Title VII, 42 U.S.C. 2000e-3(a) makes it unlawful for an employer to discriminate or retaliate against an employee or job applicant who has participated in a Title VII proceeding or opposed practices prohibited by Title VII.

35. Beginning on or about April 12, 2007 and continuing through the present time, Defendants, and each of them, retaliated against Coyne by transferring her to the Juvenile Delinquency Branch as retaliation for her opposition and/or complaints about gender discrimination that she reasonably believed violated relevant provisions of Title VII

36. As a further direct and proximate result of Defendants' conduct, Coyne has suffered the loss of promotion and supervisory opportunities, severe psychological and emotional injury, mental distress and shock, humiliation, chagrin, worry, and oppression of a lasting nature. The full amount of the Coyne's damages are unknown, but are within the jurisdiction of this Superior Court.

37. Coyne has exhausted all necessary administrative remedies by filing complaints of discrimination and retaliation with the Equal Employment Opportunity Commission, and

receiving right-to-sue letters.

38. As a further direct and proximate result of Defendants' conduct, Coyne has been required to obtain legal counsel to protect her rights, and have thereby incurred attorneys' fees in an amount to be proven at the time of trial. Pursuant to 42 USC § 2000e-5(k) Coyne requests an award of reasonable attorneys' fees against Defendants

WHEREFORE, Plaintiff KATHLEEN A. COYNE prays for judgment against Defendants, and each of them, as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For attorney's fees pursuant to Government Code Section 12965(b) and 42 USC § 2000e-5(k);
4. For costs of suit herein incurred;
5. For interest as permitted by law; and
6. For such other and further relief as the Court deems just and proper

**LAW OFFICE OF MARK ALAN BENNETT**

Dated : February 29, 2008        By: _____
                                 MARK A. BENNETT
                                 Attorney for Plaintiff
                                 KATHLEEN A. COYNE

*Kathleen A. Coyne v. County of San Diego, et al.;*
San Diego Superior Court No. 37-2008-00078991-CU-OE-CTL;
4th District Court of Appeal No. _____

# PROOF OF SERVICE BY MAIL

I, Valerie Palid, declare:

I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California where the mailing occurs; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

I further declare that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

I caused to be served the following document: **Civil Cover Sheet & Notice of Removal** by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

Mark A. Bennett, Esq.
Law Office of Mark Alan Bennett
1111 Sixth Avenue, Suite 404
San Diego, California 92101
Tel. (619) 237-5308
Fax. (619) 237-5309
(Attorneys for Plaintiff Kathleen A. Coyne)

I then sealed each envelope and, with the postage thereon fully prepaid, I placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 8, 2008, at San Diego, California.

_____
VALERIE PALID

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kathleen A. Coyne

### DEFENDANTS
County of San Diego

F I L E D
08 APR -8 PM 4:02
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ECL

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**08 CV 0639 JLS LSP**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICE OF MARK ALAN BENNETT
Mark A. Bennett
1111 Sixth Avenue, Suite 404
San Diego, CA 92101

Attorneys (If Known)
John J. Sansone, County Counsel
County of San Diego
By William H. Songer, Senior Deputy
1600 Pacific Highway, Room 355
San Diego, CA 92101-2469

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [X] 442 Employment | **Habeas Corpus:** | [ ] 740 Railway Labor Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities-Employment | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities-Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Title VII, 42 U.S.C. section 2000e-3(a).

Brief description of cause: Plaintiff asserts retaliation claims under Title VII, 42 U.S.C. section 2000e-3(a) over which the district court would have original jurisdiction.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 0.00
- CHECK YES only if demanded in complaint: JURY DEMAND: [ ] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: April 8, 2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 149504  AMOUNT 350  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____
4/8/08

```
       UNITED STATES
       DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
        SAN DIEGO DIVISION

      # 149504     -- SR
      * * C O P Y * *
       April 08, 2008
         16:05:50


       Civ Fil Non-Pris
  USAO #.: 08CV0639 CIV. FIL
  Judge..: JANIS L. SAMMARTINO
  Amount.:              $350.00 CK
  Check#.: BC#4855797



     Total->   $350.00



  FROM: COYNE V. COUNTY OF SAN DIEGO
        CIVIL FILING
```