# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN COYNE,<br><br>                        Plaintiff,<br>vs.<br><br>COUNTY OF SAN DIEGO,<br><br>                        Defendant. | CASE NO. 08 CV 639 JLS (CAB)<br><br>**ORDER (1) RE: MOTIONS IN LIMINE; (2) SCHEDULING PRETRIAL CONFERENCE AND OTHER DATES** |

      On February 5, 2010, this Court gave both parties in the above-captioned matter leave to file up to six (6) brief motions in limine.[1]  (Doc. No. 47.)  On April 8, 2010, Defendant County of San Diego ("Defendant") filed five motions in limine.  (Doc. Nos. 50-54.)  Also on that date, Plaintiff Kathleen Coyne filed six motions in limine.  (Doc. Nos. 55-60.)  Responses to each of the motions were filed on April 15, 2010.  (Doc. Nos. 60-71.)

      A final pretrial conference is **HEREBY SCHEDULED** for <u>Thursday, July 15, 2010 in Courtroom 6</u>.  The parties' memoranda of contentions of fact and law and all pretrial disclosures **SHALL BE FILED** <u>on or before June 14, 2010.</u>  The proposed final pretrial conference order, including objections, **SHALL BE LODGED** with the Court <u>on or before June 28, 2010.</u>

//

---

[1] Though a trial date has not yet been set, the Court gave the parties leave to file these motions in limine in an effort to guide the parties as they prepare a revised pre-trial Order and other pre-trial disclosures.  Accordingly, all motions are either granted or denied on the information before the Court at this stage in the litigation and are granted or denied without prejudice.

1     For the reasons stated below, the Court **HEREBY:**

2 — **GRANTS IN PART** and **DENIES IN PART** Defendants' motion in limine No. 1. (Doc. No. 50.)

3 — **DENIES** Defendant's motion in limine No. 2. (Doc. No. 51.)

4 — **DENIES** Defendant's motion in limine No. 3. (Doc. No. 52.)

5 — **DENIES** Defendant's motion in limine No. 4.  (Doc. No. 53.)

6 — **GRANTS IN PART** and **DENIES IN PART** Defendant's motion in limine No. 5. (Doc. No. 54.)

7 — **DENIES** Plaintiff's motion in limine No. 1.  (Doc. No. 55.)

8 — **DENIES** Plaintiff's motion in limine No. 2.  (Doc. No. 56.)

9 — **DENIES** Plaintiff's motion in limine No. 3.  (Doc. No. 57.)

10 — **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion in limine No. 4.  (Doc. No. 58.)

11 — **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion in limine No. 5.  (Doc. No. 59.)

12 — **GRANTS** Plaintiff's motion in limine No. 6.

**DEFENDANT'S MOTIONS IN LIMINE**

**I.  To Exclude Evidence that Attempts to Relitigate Prior Gender Discrimination Complaints**

Plaintiff's gender discrimination and retaliation claims arise out of her speaking out against the alleged gender discrimination in 2006 where two women and twelve men were promoted (the "2006 promotions").  Defendant's first motion in limine seeks to exclude "[a]ll of the evidence about the 2006 promotions**,** investigations into those promotions and even the details about the results of the administrative hearing and lawsuit . . ." (Def. MIL No. 1 at 2.)

First, Defendant contends that the allegations of discrimination in the 2006 promotions have been fully and finally adjudicated by the Civil Service Commission for two of the non-promoted women and by California Superior Court for two other non-promoted women.  All claims were found to be unsupported.[2] (Def. MIL No. 1 at 2-3; *see also* Carroll Decl. Exs. 3 & 4.)  Defendant therefore argues that "Plaintiff cannot relitigate in this forum the question of whether there was merit to the underlying claims of gender discrimination." (Def. MIL No. 1 at 3.)

Second, Defendant contends that any arguments related to the 2006 promotions are

---

[2] The specific conclusions of these proceedings are discussed more, below, in relation to Plaintiff's motions in limine nos. 4 & 5.

1  irrelevant to the present issue because Defendant concedes that Plaintiff's speaking out in support
2  of the non-promoted women is protected activity regardless of whether the support was misplaced
3  or not.³ (Def. MIL No. 1 at 3-5.)  Defendant goes on to assert that any attempt by Plaintiff to
4  introduce other complaints of discrimination as probative evidence of her claim should be
5  excluded under FRE 403 because "the probative value is greatly outweighed by possible prejudice
6  and the fact that addressing such claims will be misleading, confusing and inordinately time-
7  consuming."  (Def. MIL No. 1 at 4; Fed. R. Evid. 403.

8        The Court generally agrees that Plaintiff is properly barred from introducing evidence of
9  the alleged discrimination in the 2006 promotions as unduly prejudicial and time-consuming under
10 FREs 401-403.  The parties should not re-litigate the merits of the other women's claims involving
11 the 2006 promotions.⁴  To be sure, other allegations of discrimination similar to Plaintiff's claim of
12 gender discrimination are somewhat probative, but the Court is of the opinion that any probative
13 value is outweighed by the time-consuming nature of introducing witnesses and evidence of those
14 discrimination claims.  To do so would force Defendant to introduce evidence in an effort to
15 establish that *those* claims are without merit.  These claims, however, have already been litigated
16 and are not properly before the Court in this action.

17       That said, the Court finds that Defendant's request for what evidence and testimony should
18 be excluded is overly broad.  Defendant seeks to exclude any evidence "about the subsequent
19 litigation and administrative proceedings that arose after plaintiff's colleagues challenged those
20 promotions." (Def. MIL No. 1 at 4.)  This, however, would necessarily exclude all evidence of
21 Plaintiff's involvement in those proceedings, which the Court finds is relevant to her current
22 retaliation claim.  The extent of Plaintiff's involvement is probative of whether or not her transfer

23

---

24     ³ Defendant believes that all issues regarding the 2006 promotions can be dealt with via the following jury instructions:
25 (i) plaintiff did, in fact, engage in activities in support of her colleagues in their claims of sexual discrimination; (ii) plaintiff's support for her colleagues is a protected activity as a
26 matter of law; (iii) defendant was aware of the protected activity; (iv) the colleagues' claims were determined to be without merit as a matter of law; and (v) regardless of the lack of merit
27 to the underlying claims, plaintiff's support of her colleagues is nonetheless a protected activity.
28 (Def. MIL No. 1 at 4-5.)

    ⁴ Plaintiff was not a party to these proceedings.

was motivated by her speaking out in support of the women's claims of discrimination prior to, during, and after the litigation and administrative proceedings. As Plaintiff asserts in her opposition to the motion, "[o]ne of the principal themes of Plaintiff's case is that Messrs. Carroll and Coker perceived her as the ringleader of a revolt which was directed at these gentlemen personally" and what may have contributed to this alleged perception and, as a result, discrimination and retaliation, is relevant.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' first motion in limine.[5]

## II. To Exclude Evidence About Disciplinary Action

Defendant's second motion in limine involves the disciplinary action resulting from Plaintiff's motion to disqualify Judge Parsky, which occurred roughly a year and a half after Plaintiff's transfer. (MIL No. 2 at 1-2; Carroll Decl., Exs. 11 & 12.) Asserting that Plaintiff's motion was riddled with errors and was otherwise inappropriate, the Public Defender issued a letter of reprimand which was later reduced to a letter of warning. (*Id.*) Defendant contends that this disciplinary action should be excluded because it was not raised in any administrative action and therefore cannot be raised in this action. (*Id.* at 2.)

"The jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." *Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir. 1990) (citation omitted); *see also Okoli v. Lockheed Tech. Operations Co.*, 36 Cal. App. 4th 1607, 1613 (1995) (stating that Plaintiff must specify wrongful act in FEHA administrative charge as jurisdictional prerequisite). The EEOC charge must be construed liberally, and the Court "must inquire 'whether the original EEOC investigation would not have encompassed the additional charges' made in the court complaint but not included in the EEOC charge itself." *Id.* Thus, the test is whether the present claims are "'like or reasonably related to' the allegations contained" in the EEOC charge. *Id.* at 1457. It is uncontested that the administrative complaint did not include

---

[5] At this stage in the litigation, the Court does not proffer the best method to ensure a balance between re-litigating the underlying claims while permitting evidence regarding Plaintiff's involvement in those proceedings. However, as stated above, the purpose of this Order is to guide the parties in composing its propsed pre-trial order and other disclosures. Thus, the exact manner as to how to achieve these results can be determined closer to trial.

1  the disciplinary action, as it had not yet occurred at the time the EEOC claim was filed. The issue,
2  therefore, is whether the disciplinary action is a claim of discrimination that "can be reasonably
3  expected to grow out of the charge of discrimination" in the EEOC charge. *See id.* at 1456
4  (citation omitted). In other words, whether the present claims are "like or reasonably related to the
5  allegations" in the EEOC charge. *See id.* at 1457.

6  Defendant contends that the sole charges of discrimination in the administrative claims at
7  issue here are the transfer and Plaintiff's presentation at the Commission on the Status of Women.
8  (Def. MIL No. 2 at 3; *see also id.* Exs. 1, 2.) "Nothing about the allegations in the charges would
9  reasonably trigger an investigation that would include the subsequent disciplinary letter." (*Id.* at
10 3.) Thus, Defendant argues that the disciplinary action is not "like or reasonably related to the
11 allegations" in the charges and therefore not properly before this Court. Defendant further argues
12 that the disciplinary letter is not even in the Complaint, which again only contests the transfer and
13 does not mention the disciplinary action.[6] (*Id.* at 3-4.)

14 The claims in the DFEH and EEOC charge in this matter are substantially the same.
15 Plaintiff states in both that she spoke at the Commission on the Status of Women and thereafter
16 was transferred to the Juvenile Delinquency branch. Plaintiff further claims that "[t]his transfer
17 was punitive and retaliatory, and in direct response to my statement to the Commission in March
18 7, and my longstanding opposition to gender bias in the Department." (*See* Def. MIL No. 2, Exs. 1
19 (DFEH charge) & 2 (EEOC charge).)

20 Given the case law and Plaintiff's administrative claims, the Court finds that Plaintiff has
21 sufficiently proven that the disciplinary action is "like or reasonably related to" the charges in the
22 EEOC and DFEH claim in order to give this Court jurisdiction over her ongoing retaliation claim.
23 The cases of *Sosa v. Hiraoka* and *Chung v. Pomona Valley Community Hosp.* are illustrative. In

---

[6] Defendant also contends that FRE 403 prohibits introducing the disciplinary ation into evidence because any probative value would be outweighed by prejudice, would confuse or mislead the jury, or would unduly waste time. Fed. R. Evid. 403. These contentions, however, rely on the assertion that the disciplinary action is not properly before the Court: "Allowing the jury to consider the subsequent disciplinary letter also creates the possibility that a jury might find that the transfer (which is the sole adverse employment action presented administratively, hence legitimately before the Court) was non-discriminatory, but return a verdict in favor of plaintiff if it concludes that the Department acted improperly in issuing the disciplinary letter." (Def. MIL No. 2 at 5.) Thus, because the Court finds that the disciplinary action is properly before the Court, this argument automatically fails.

*Sosa*, the court found that the various allegations in the EEOC indicated a pattern of discrimination sufficient to give the court federal jurisdiction:

> Sosa's allegations in his EEOC charge-of a course of intimidation, harassment, and disparate treatment; of a pattern of retaliation discrimination; of the refusal to promote him; and that he had lodged other "discrimination charges/complaints"-are together sufficient to have apprised the EEOC of all discriminatory acts Sosa subsequently alleged as part of a continuing violation in his First Amended Complaint.

*Id.* at 1458.  Furthermore, the *Chung* court explicitly held that a plaintiff does not have to expressly allege a pattern of discrimination.  *See Chung*, 667 F.2d 788, 790 (9th Cir. 1982).  The court found that the EEOC charge was sufficient because it "alleged a number of discriminatory acts that suggest a pattern."  *Id.*

The administrative charges at issue in the present case do not expressly allege a pattern of discrimination, but they do sufficiently allege a number of "discriminatory acts" that suggest a pattern as in *Sosa* and *Chung*.  The charge speaks of Plaintiff's presentation at the Commission, the transfer, and Plaintiff's "longstanding opposition to gender bias in the Department."  (*See* Def. MIL Exs. 1 & 2.)  The EEOC intake questionnaire also states that "[i]n May 2005 I was passed over for a supervisory assignment in favor of a male deputy junior to me in grade." (Def. MIL, Ex. 3.)  Moreover, Plaintiff's allegations regarding her presentation to the Commission allege other incidents of discrimination, including the "glass ceiling in respect to promotion" and "that [Plaintiff] had frequently requested to supervise, and had been passed over in favor of men who were junior to me in grade, time of service, and experience."  (Def. MIL, Exs. 1 & 2.)

These acts of discrimination are not as frequent or elaborate as in *Sosa*, but because *Sosa* teaches the Court that administrative charges are to be construed liberally, the Court finds that they are sufficient to establish Plaintiff's continuing retaliation claim.[7]  *See Sosa*, 920 F.2d at 1458 (citing *Kaplan v. International Alliance of Theatrical and Stage Employees*, 525 F.2d 1354, 1359 (1975), *abrogated on other grounds by Laughon v. International Alliance of Theatrical Stage Employees*, 248 F.3d 931 (9th Cir. 2001)).

---

[7] Defendant contends that the disciplinary action is not asserted in the Complaint.  But, the Complaint does make allegations of ongoing retaliation even though it does not specifically plead "continued retaliation."

1  However, the Court finds that evidence underlying the motion to disqualify and the details
2  regarding the relationship between Judge Parksy and Plaintiff is properly excluded pursuant to
3  FREs 401-403. Thus, the Court will not permit the underlying disagreement between Plaintiff and
4  Judge Parsky to be explored in depth. Plaintiff appears to agree: "The nature of the motion and the
5  disagreements between Ms. Coyne and the juvenile court judge do not need to be explored in any
6  depth, if at all." (Opp. to Def. MIL No. 2 at 5.) Accordingly, the Court **DENIES** Defendant's
7  second motion in limine, with that limitation.

8  **III.    To Exclude Evidence of Plaintiff's Non-Selection for Supervisory Assignment in 2005**

9  Defendant's third motion in limine seeks to exclude evidence of Plaintiff's "so-called 'non-
10 promotion' to the El Cajon branch supervisor assignment," which "occurred several years before
11 plaintiff's transfer." (Def. MIL No. 3 at 1.) The basis for the motion is that "plaintiff never
12 presented this claim administratively and any probative value to evidence about the assignment is
13 outweighed by prejudice, confusion of issues or undue waste of time pursuant to Federal Rules of
14 Evidence, rule 403." (*Id.* at 2.) Specifically, Defendant contends that, at the time Plaintiff made
15 her administrative claims, a claim involving the 2005 "non-promotion" was time-barred and thus
16 could not have been administratively exhausted and therefore is barred from the present case, as
17 well. (*Id.* at 3-4.)

18 In her opposition, Plaintiff makes two arguments. First, Plaintiff claims that, regardless of
19 whether the claim is unexhausted or time-barred and therefore not a basis for damages, the
20 evidence of the non-promotion is still relevant and therefore admissible to prove discrimination
21 and retaliation. (Opp. to MIL No. 3 at 2-4.) Second, Plaintiff argues that the 2005 "non-
22 promotion" charge is not time-barred under the "continuing violation" doctrine and therefore can
23 be a basis for recovery. (*Id.* at 4-5.) Plaintiff also argues against Defendant's FRE 403 assertions.
24 (*Id.* at 5.)

25 The Court **DENIES** Defendant's third motion in limine. The Court will permit evidence of
26 the 2005 "non-promotion" as relevant evidence of discrimination under the "continuing violation"
27
28

doctrine.[8] As discussed above, the Ninth Circuit permits actions which occurred before and after the violations alleged in the administrative charge if those actions are "like or reasonably related" to the discrimination alleged in that claim. *See Sosa*, 920 F.2d at 1456-58. Even if acts are time-barred, the acts may be actionable if Plaintiff "can show that they are part of a 'continuing violation' of [her] Title VII rights." *Id.* at 1455. Plaintiff can do so "'not only by demonstrating . . . [an employer] wide policy or practice, but also be demonstrating a series of related acts against a single individual;' that is, against [Plaintiff] alone." *Id.* (quoting *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1480 (9th Cir. 1989). The Court finds that Plaintiff has sufficiently related this alleged "non-promotion" to a supervisory position to the transfer and other acts of gender discrimination.[9] This assignment occurred prior to Plaintiff's support of her colleagues in 2006, however, and therefore cannot be a basis for recovery under the relation claim.

**IV.    To Exclude Evidence of the Plaintiff's Interactions with the "Commission of the Status of Women"**

Defendant's fourth motion in limine moves to exclude Plaintiff's presentation and interactions at the the Commission on the Status of Women meetings should be excluded. First, Defendant contends that all interactions are inadmissible hearsay. (Def. MIL No. 4 at 2.) Second, Defendant contends that evidence of the Commission presentation is unnecessary because the fact that Defendant engaged in protected activity, which includes her speaking out at the Commission meeting, is undisputed. (*Id.*) Any introduction of her comments at the Commission meeting,

---

[8] Moreover, the Court finds that *Sosa* merely establishes the jurisdiction of the Court, and not whether the disciplinary action is *relevant* and therefore admissible even if not a basis for recovery. *Sosa* specifically establishes when the Court has jurisdiction over allegations contained or related to the EEOC claim which could be considered administratively exhausted and therefore could withstand a motion to dismiss. *See* 920 F2d. at 1457. It does not speak to whether evidence not presented in the EEOC claim or like or reasonably related to that claim could be introduced at trial as probative evidence of the discrimination and retaliation claims and not a basis for the damages claim. Thus, even if the Court were to find that the alleged 2005 "non-promotion" is outside this Court's jurisdiction and therefore not a basis for recovery, the evidence would still be relevant for purposes of establishing discrimination against Plaintiff.

[9] Defendant's citation to *Morgan v. Board of Regents*, 88 Cal. App. 4th 52 (2000) is unhelpful. In *Morgan*, the court declined to apply the "continuing violation" doctrine to repeated non-selection of the plaintiff for a specific job. 88 Cal. App. 4th at 61-62. *Morgan*, however involving different "isolated employment decision[s]" by different people at different times, as conceded by Defendant. *Id.* at 66. (*See* Def. MIL No. 3 at 3.) Here, the decisions to not "promote" Plaintiff to a supervisory position in 2005 was made by the same people.

1 Defendant asserts, will "compel the defendant to relitigate the merits of the underlying
2 complaints." (*Id.*)

3 As discussed above, Plaintiff's allegations at the Commission meeting does more than just
4 establish that Plaintiff engaged in protected activity; it gives the jury something by which to judge
5 whether Defendant would, or what motivated Defendant, to engage in the alleged discrimination
6 and retaliation. The Court also finds that any undue prejudice and hearsay objection can be made
7 and decided at trial. Thus, the Court **DENIES** Defendant's fourth motion in limine.

8 **V.  To Exclude Evidence of Habeas Decision in *Nguyen v. Taylor***

9 The record indicates that Mr. Richardson, who was promoted to a supervisory position in
10 2005 which Plaintiff was not even interviewed for, was found to have rendered ineffective
11 assistance of counsel in the habeas case *Nguyen v. Taylor*, Case No. 01cv851 J (POR). The
12 *Nguyen* Order is critical of Mr. Richardson's representation of the defendant in 1995 and the
13 defendant's guilty plea in 1997. The judge also questioned the credibility of Mr. Richardson's
14 testimony in the habeas case. Defendant contends that the probative value of the *Nguyen* Order is
15 limited and that "any probative value is outweighed by the danger of unfair prejudice, confusion of
16 the issues or misleading the jury, particularly on the jury's responsibility over credibility
17 determinations." (Def. MIL No. 5 at 3.)

18 The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to exclude
19 the *Nguyen* Order. The Order involved Mr. Richardson's representation of a criminal defendant in
20 1995-97, which is highly remote and not indicative of his qualifications in 2005-07. Further, the
21 credibility issues involved in the habeas case may have been occurring simultaneously when Mr.
22 Richardson was promoted over Plaintiff in 2005, but the Order itself was not issued until after the
23 promotion in June 2006. Thus, the Order and the underlying actions are highly remote and are of
24 limited probative value to Plaintiff's allegations that she was more qualified than Mr. Richardson
25 for the supervisory position.[10] This is especially so given that Mr. Richardson may likely be
26 considered an agent of the County by the jury, though he is not a defendant in the action or

---

[10] As Defendant puts it: "The work Mr. Richardson did for one client on one case in the mid-1990s has extraordinarily little bearing on the issues the jury will decide in this lawsuit, but the District Court's scathing language in the Order on that case has the potential of greatly influencing the jury adversely to the defendant." (Def. MIL No. 5 at 3.)

otherwise a party to the case. Furthermore, the credibility determinations regarding Mr. Richardson and any testimony he may proffer may be unduly influenced by the district court's questioning of Mr. Richardson's testimony in the habeas case.

The Court recognizes, however, that one of Defendant's justifications for Plaintiff's transfer was the perceived "friction" in the El Cajon branch which is based in part from Plaintiff's distribution of this Order. Therefore, *reference* to this Order and the general nature and conclusion of this Order is admissible as to why Plaintiff distributed this Order and why her doing so would cause such "friction." But, the Order itself will not be admitted into evidence, nor should it be read from or discussed in detail at trial.

## PLAINTIFF'S MOTIONS IN LIMINE

### I. To Limit Evidence Concerning Plaintiff's Alleged Disruptive Conduct

Plaintiff's first motion in limine essentially moves the Court to limit the introduction of any evidence of "friction" which prompted or motivated Plaintiff's transfer. Plaintiff argues that only the incident with Investigator Lucero in 2006 and Plaintiff's distribution of the *Nguyen* Order in 2007 are admissible. (Both were discussed in detail at the motion for summary judgment stage). ((Pl. MIL No. 1 at 1-2.) Plaintiff, however, does not point to any evidence supporting Plaintiff's belief that Defendants will try to introduce any other evidence of the alleged friction.

In response, Defendant argues that the motion should be denied because it is "unclear what plaintiff intends to exclude by the instant motion." Defendant also argues that it cannot know ahead of time what Plaintiff will seek to portray regarding her interactions with co-workers and therefore Defendant does not know what witnesses or evidence will be required in rebuttal to establish the alleged "friction." (Opp. to Pl. MIL No. 1 at 3-4.)

The Court **DENIES** Plaintiff's motion. At this stage in the litigation, the Court finds no legitimate justification to exclude such a broad, undefined class of evidence and limit the evidence to only those two incidents indicated above. Plaintiff argues that Rule 37 excludes testimony concerning strained working relationships that were not previously disclosed**.** But, Defendant's responses to interrogatories spoke of "reports of strained working relationships" in the office as a reason for her transfer, as did Carroll's declaration. Though the motion for summary judgment papers explicitly discussed these two incidents, reports of strained relationships and friction have

1  been prominent throughout the litigation. Furthermore, in the event Plaintiffs introduces evidence
2  that her relationship with her co-workers did not create any friction, Defendant should be
3  permitted to introduce otherwise admissible and relevant evidence in rebuttal.[11]

4  **II.    To Exclude Any Reference, Argument or Evidence of Further Documentation of**
5  **        Defendant's Required Reorganization**

6  Plaintiff's second motion seeks "to exclude any reference to hearsay statements, writings,
7  or other forms of evidence" other than the October 26, 2006 email from Mr. Carroll to Mr. Tuck
8  (Pl. MIL No. 2, Ex. A) as evidence of Defendant's justification for transfer regarding a pre-
9  planned restructuring of the Department. (*Id.* at 1-2.) Plaintiff argues that Defendant, to date, has
10 only disclosed this one email and the deposition testimony of Mr. Carroll "to corroborate this
11 alleged condition and requirement allegedly imposed on Mr. Carroll requiring three senior DPD
12 V's in each of the adult departments." (*Id.* at 2.)

13 The Court **DENIES** Plaintiff's motion. In order to introduce exhibits other than the e-mail,
14 assuming one is uncovered, Defendant concedes that it must seek leave from the Court. As to the
15 testimony from those familiar with the planned restructuring, the Court finds that all witnesses
16 available to testify as to the plan and properly placed on Defendant's witness list should be
17 allowed to rebut Plaintiff's contention that no plan existed. Any objections regarding hearsay or
18 relevancy may be made and determined at trial.

19 **III.   To Exclude Any Reference, Argument or Evidence of Defendant's Financial**
20 **        Condition as Justification for Plaintiff's Job Assignment**

21 This motion and the arguments in opposition are similar to the first two motions. Plaintiff
22 seeks to "exclude any attempt by Defendant County to assert any alleged financial condition of the
23 County as justification for Ms. Coyne's current or past assignments." (Pl. MIL No. 3 at 1.)
24 Plaintiff does not assert why she believes Defendant might do so. In fact, Defendant states:
25 "Certainly, the County has no intention to cite financial reasons for the 2007 transfer decision" and
26 that it "does not intend to offer evidence of its financial condition at trial." (Opp. to Pl. MIL No. 3
27 at 1-2.)
28

---

[11] Plaintiff may assert proper objections at trial.

Accordingly, the Court **DENIES** Plaintiff's motion. Not only does Defendant assert that it has no intention of introducing financial reasons as a justification for Plaintiff's transfer, Plaintiff's motion attempts to prohibit all financial references without any specific or sufficient justification. Plaintiff may object to questions or testimony at the appropriate time, when and if this becomes an issue at trial.

**IV.  To Exclude Any Reference, Argument or Evidence of the Civil Service Commission's Conclusions Regarding Claims of Passed-Over Deputies or Hearsay Statements of Non-Parties Contained Therein.**

Plaintiff's fourth motion in limine seeks to prevent the jury from hearing the conclusions of the Civil Service Commission's Findings, Conclusions and Recommendations and Decisions regarding the alleged discrimination in the 2006 non-promotion of the two women deputies. (Pl. MIL No. 4 at 1-2 & Ex. A.) Plaintiff also seeks to exclude "the use of testimony or evidence presented to the Civil Service Commission, except as to the parties to the current action."[12] (*Id.* at 1-2.) The Court reads Plaintiff's motion to essentially allow her accusations presented to the Civil Service Commission into evidence while excluding other testimony (those not a party to the action) and the ultimate conclusion that there was no evidence of discrimination.

Defendant argues, as it did in its first motion in limine, that *all* evidence of the prior claims before the Civil Service Commission (and California Superior Court) should be excluded and handled via jury instruction. (Opp. to Pl. MIL No. 4 at 2.) Defendant asserts that only the fact that Plaintiff engaged in protected activity is relevant, and this is conceded. But, Defendant argues that if the Court is inclined to allow Plaintiff to present her involvement and accusation before the Civil Service Commission, Defendant should be permitted to introduce the Commission's findings and conclusions to the jury. (*Id.* at 3.)

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's fourth motion in limine. As stated above in relation to Defendant's first motion in limine, the Court finds that it is not sufficient to exclude all reference to the Civil Service Commissions and only inform the jury

---

[12] Plaintiff asserts that the Commission's report and testimony before the Commission should be excluded on grounds of hearsay, relevancy, and on grounds of prejudice, confusion or waste of time. *See* Fed. R. Evid. 801, 401-403.

1 that Plaintiff engaged in a protected activity.  The accusations made specifically by Plaintiff and
2 the impact they had are important for the jury to gage why or if Defendant would be motivated to
3 engage in discrimination or retaliation against Plaintiff.  That said, the Court finds that the Civil
4 Service Commissions' findings are equally relevant; the Civil Service Commission's findings that
5 the discrimination claims are without merit are also probative of whether Defendant would or
6 would not be motivated to retaliate against Plaintiff.

7 Thus, the Court is inclined to: (1) allow testimony and evidence regarding *Plaintiff's*
8 actions and testimony before the Commission without introducing the others' testimony or
9 otherwise re-litigating the merits of the underlying case; (2) allow evidence of the conclusion and
10 findings of the commissions, but not allow the report to be introduced in its entirety which
11 includes other testimony and issues not relevant to the current proceedings; and (3) instruct the
12 jury that the proceedings before the Civil Service Commission are to be considered not for the
13 truth of whether the two women were discriminated against or the 2006 promotions were
14 discriminatory, but for their probative value as to Plaintiff's current claims only.  The specific
15 details, however, will be determined closer to trial.  Further, any objections regarding
16 hearsay/relevancy can be reexamined at trial.

17 **V.    To Exclude Evidence Concerning Results of Superior Court Actions Filed by Susan**
18 **Clemens and Linda Brown**

19 Plaintiff's fifth motion is similar to the fourth motion, but focuses on the Superior Court
20 conclusions instead of the Civil Service Commission's findings.[13]  Included in the fifth motion is a
21 motion to exclude evidence that Ms. Clemens' and Ms. Brown's counsel Mr. Mark Bennett once
22 represented Plaintiff in this action.  (Pl. MIL No. 5 at 1-2.)

23 Plaintiff contends that Ms. Clemens' action was terminated by an agreement to waive costs
24 and Ms. Brown's by way of a dismissed appeal.  (Pl. MIL No. 5 at 2; Winters Decl. ¶ 2.)  Plaintiff
25 states: "Both Ms. Clemens and Ms. Brown will testify.  Both will describe relevant events
26 pertinent to Ms. Coyne's claims." (Pl. MIL No. 5 at 2.)  But, Plaintiff seeks to exclude evidence of
27 the fact that the actions were dismissed or lost, and the fact that their counsel once represented

28

---

[13]   As stated above, two non-promoted women filed a lawsuit in California Superior Court while two others filed administrative complaints with the Civil Service Commission.

1  Plaintiff, as irrelevant. (*Id.* at 3.) Moreover, even if the Court were to find that this evidence is
2  relevant, Plaintiff contends that "inclusion of this evidence will necessitate explanation to the jury
3  of a variety of collateral facts and circumstances," such as Ms. Clemens' and Ms. Brown's
4  difficulty with their counsel, as discussed more below. (*Id.*)

5        As stated above, the Court generally finds that if the jury is permitted to hear the
6  accusations made by Ms. Clemens and Ms. Brown in order to bolster Plaintiff's own claims of
7  discrimination, it is equally proper and relevant to introduce evidence regarding the conclusion of
8  their Superior Court claims. The complicating factor, however, is the manner in which Ms.
9  Clemens' and Ms. Browns' Superior Court claims were dismissed. Plaintiff argues that the actions
10 "ended" when Ms. Brown and Ms. Clemens' former counsel "abandoned the cases" and left a
11 motion for summary judgment unopposed. (*See* Pl. MIL No. 5.) The court granted the unopposed
12 motion for summary judgment. (*Id.*; *see also* Winters Decl. ¶ 3.) Thus, Plaintiff implies that the
13 motion was granted not because there was no merit to their accusations, but because Ms. Clemens'
14 and Ms. Brown's counsel failed to oppose the motion. In response, Defendant points to the fact
15 that, regardless of whether the motion was unopposed, the court is required to examine all
16 evidence and draw all proper inferences. The Superior Court did so, but ultimately found that
17 "[t]here is nothing in the promotional process that evidences a discriminatory motive. There is
18 insufficient evidence to support a prima facie case of discrimination based on disparate treatment."
19 (*See* Carroll Decl., Ex. 4.)

20       The Court understands both positions. The Court recognizes that the conclusion of the
21 Superior Court action is not as simple as instructing the jury that the court found that Ms.
22 Clemens' and Ms. Brown's claims lacked merit given that the motion went unopposed.[14]  On the
23 other hand, the Court finds it improper to bring in collateral matters irrelevant to the current
24 proceedings or otherwise re-litigate the merits of Ms. Clemens' and Ms. Brown's claims that were
25 already brought before the Superior Court. Accordingly, the Court will allow Ms. Brown and Ms.
26 Clemens to testify so long as the testimony is strictly relevant to Plaintiff's claims of
27 discrimination and retaliation, but will not allow re-litigation of their own claims of gender
28

---

[14] The same is not true of the Civil Service Commission's findings, which determined the underlying merits of the claims which were fully represented to the Commission.

1  discrimination involving the 2006 promotions.

2  Furthermore, the extent to which the Superior Court proceedings, including its conclusion,
3  will be admissible can be determined at the appropriate time, once the Court has more information
4  as to how the parties intend to present their cases. The Court will also re-examine the relevancy of
5  Mr. Bennet's prior representation of Plaintiff at trial and whether the Superior Court judgment
6  should be introduced to show bias if Ms. Clemens and Ms. Brown do in fact testify. Thus, the
7  Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's fifth motion in limine.

8  **VI.    To Exclude Evidence that Plaintiff Lacks Capacity to Be in a Supervisory Position**

9  Plaintiff's final motion in limine "moves to exclude any reference, argument or evidence
10 that Ms. Coyne's lack of supervisory positions in the past, as well as from 2007 to the present, in
11 any fashion resulted from any actual or perceived inability or lack of capacity to fulfill such
12 functions." (Pl. MIL No. 6 at 1.) Plaintiff contends that there is "no question" that Plaintiff is
13 qualified, as a DPD V to be a supervisor. Plaintiff therefore wants to exclude any evidence
14 suggesting that Plaintiff was not qualified or did not have the capacity to be a supervisor as
15 justification for her transfer. That would leave only the issues regarding her disabled son and that
16 alleged "friction" in the office as justifications. (*Id.* at 1-2.)

17 Defendant appears to agree and urges the Court to grant Plaintiff's motion regardless of
18 who seeks to introduce such evidence.[15] Defendant, however, urges the Court to refrain from
19 granting the motion as broadly as Plaintiff seeks. Defendant fears that, if a "witness is asked about
20 their experiences in dealing with plaintiff . . . the witness should be allowed to testify truthfully
21 without fear of violating some vague standard about plaintiff's 'capacity' to fill a supervisory
22 role.'"

23 The Court agrees with Defendant. The Court conditionally **GRANTS** Plaintiff's motion as
24 to evidence introduced by *both* parties as it directly relates to Plaintiff's qualifications to be a

---

28  [15] Defendant states: "The unspecified evidence she purportedly seeks to exclude is at least two steps removed from any issues to be litigated in this lawsuit: the trial is not about any supervisory assignment and the defense has never claimed that plaintiff lacks such 'capacity.'" (Opp. to Pl. MIL No. 6 at 1.)

- 15 -                                                                                08cv639

1  supervisor, as this is not an issue at trial.[16] But, this Order does not *per se* prevent all testimony, so
2  long as otherwise relevant, that could potentially touch on Plaintiff's 'capacity' to be a supervisor.
3  Whether or not the specific testimony or evidence should be permitted can be determined at trial,
4  as necessary.

## CONCLUSION

In conclusion, the Court **HEREBY:** (1) **GRANTS WITHOUT PREJUDICE** Plaintiff's motion in limine No. 6; (2) **GRANTS IN PART** and **DENIES IN PART WITHOUT PREJUDICE** Defendants' motion in limine No. 1, Defendant's motion in limine No. 5, Plaintiff's motion in limine No. 4, Plaintiff's motion in limine No. 5; and (3) **DENIES WITHOUT PREJUDICE** Defendant's motion in limine No. 2, Defendant's motion in limine No. 3, Plaintiff's motion in limine No. 1, Plaintiff's motion in limine No. 2, and Plaintiff's motion in limine No. 3.

IT IS SO ORDERED.

DATED:  May 4, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[16] That is, other than the issues regarding her son's care and the alleged friction, which could potentially make Plaintiff "unqualified" to fill a supervisory position.