1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

KATHLEEN A. COYNE,

                              Plaintiff,

    vs.

COUNTY OF SAN DIEGO,

                            Defendant.

CASE NO. 08CV639 JLS (CAB)

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**

(ECF No. 138)

    Presently before the Court is Plaintiff Kathleen A. Coyne's ("Plaintiff" or "Coyne") motion for new trial. (Mot. New Trial, ECF No. 138)  Also before the Court are Defendant County of San Diego's ("Defendant" or "County") response in opposition, (Resp. in Opp'n, ECF No. 141), and Plaintiff's reply in support, (Reply in Supp., ECF No. 142).  The hearing set for the motion on December 15, 2011, was vacated, and the matter taken under submission on the papers.  Having considered the parties' arguments and the law, the Court **DENIES** Plaintiff's motion.

## BACKGROUND[1]

    Plaintiff, a Level V Deputy Public Defender, sued the County of San Diego for unlawful sex discrimination and unlawful retaliation based on three alleged adverse employment actions: (1) her assignment to the Juvenile Delinquency branch of the Public Defender's Office; (2) the

---

[1] This Court's December 21, 2009, Order denying Defendant's motion for summary judgment provides an accurate recitation of the facts, summarized for convenience here. (Order, December 21, 2009, at 1–4, ECF No. 41)

1    decision not to assign her to a supervisory position in the Public Defender's Office in 2005, 2007,

2    or 2009; and (3) a disciplinary letter she received in connection with her 2008 motion to disqualify

3    a judge.

4             Plaintiff's case survived summary judgment and went to trial.  On August 12, 2011, the

5    jury returned a special verdict in favor of Defendant.  As Plaintiff accurately summarizes,

> [The jury found that] Plaintiff Kathleen A. Coyne ("Coyne") had suffered an
> adverse employment action by County and that Coyne's involvement in protected
> activity was a motivating factor for the adverse employment conduct by County.
> And the evidence supported a finding that Ms. Coyne's transfer to Juvenile, the
> lack of any supervisory position from 2005 to 2009, and/or the filing of a
> reprimand, collectively or individually resulted from the improper motive of the
> County in undertaking these individual or collective acts.  The jury then found
> that this individual or collective activity all had a legitimate basis and would have
> occurred regardless of the retaliatory motive.

11   (Mot. New Trial 1, ECF No. 138)  Now, Plaintiff seeks a retrial on the retaliation claim "on the

12   grounds that the evidence clearly did not support the jury's decision.  It appears there was

13   confusion with this aspect of the case."  (*Id.* at 2 (citing Fed. R. Civ. P. 59(a))).

## LEGAL STANDARD

15            Under Federal Rule of Civil Procedure 59, a court has the discretion to grant a new trial

16   "for any reason for which a new trial has heretofore been granted in an action at law in federal

17   court."  Fed. R. Civ. P. 59(a)(1)(A).  "The trial court may grant a new trial only if the verdict is

18   contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to

19   prevent a miscarriage of justice."  *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d

20   493, 510 n.15 (9th Cir. 2000).

21            As to the first basis, "[a] district court may order a new trial based on insufficient evidence

22   only if it finds that the jury's verdict 'is against the great weight of the evidence, or it is quite clear

23   that the jury has reached a seriously erroneous result.'"  *Ace v. Aetna Life Ins. Co.*, 139 F.3d 1241,

24   1248 (9th Cir. 1998) (quoting *EEOC v. Pape Life, Inc.*, 115 F.3d 676, 680 (9th Cir. 1997)).  This is

25   a "stringent standard."  *Pape Life*, 115 F.3d at 680.  "The judge can weigh the evidence and assess

26   the credibility of witnesses, and need not view the evidence from the perspective most favorable to

27   the prevailing party."  *Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1371 (9th Cir.

28   1987).  However, the court may not "substitute its 'evaluations for those of the jurors.'"  *Tortu v.*

1  *Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1084 (9th Cir. 2009) (quoting *Union Oil Co. v.*

2  *Terrible Herbst, Inc.*, 331 F.3d 735, 743 (9th Cir. 2003)).

3  **ANALYSIS**

4  Here, Plaintiff's only argument for a new trial is that the "weight of the evidence shows

5  there is no legitimate reason for the employment decisions in issue or that County would have

6  made the same decisions regardless of retaliatory motive." (Mot. New Trial 3, ECF No. 138)[2]

7  Stated another way, Plaintiff would have the Court accept the jury's findings that (1) "plaintiff

8  proved by a preponderance of the evidence that the County engaged in conduct that, taken as a

9  whole, materially and adversely affected the terms and conditions of her employment and was

10  therefore an adverse employment action;" and that (2) "plaintiff proved by a preponderance of the

11  evidence that her involvement in a protected activity was a motivating factor for the conduct [the

12  jury] found to be an adverse employment action;" but reject the jury's findings that (3) "defendant

13  proved by a preponderance of the evidence that the conduct [the jury] found to be an adverse

14  employment action was also motivated by a legitimate reason;" and that (4) "defendant proved by

15  a preponderance of the evidence that it would have made the same decisions regarding the conduct

16  [the jury] found to be an adverse employment action even if plaintiff's participation in a protected

17  activity played no role in the decisions." (Special Verdict Form 5, ECF No. 134); (*see also* Resp.

18  in Opp'n 8, ECF No. 141 ("Plaintiff wants to embrace the jury's responses to Questions 6 and 7 of

19  the Special Verdict Form, but completely disregard the jury's responses to Questions 8 and 9."))

20  Thus, for purposes of this motion, the Court will reexamine only the latter two findings.

21  //

22  //

23  //

24  _____

25  [2] Plaintiff also states without supporting argument that "the jury appears to have been confused concerning the nature and import of the claims relating to retaliation." (Mot. New Trial 2, ECF No.

26  138)  Despite the fact that Plaintiff takes no issue with the jury's finding as to Question 6 on the Special Verdict Form, this argument presumably arises from the fact that during deliberation the jury

27  asked the Court to define "taken as a whole," as used in Question 6. (Court's Ex. 7, ECF No. 132) The Court instructed the jury that "the term 'taken as a whole' has the plain meaning of the words

28  used." (Court's Ex. 8, ECF No. 132)  The Court presumes that the jury indeed adopted the plain meaning of the term, and declines to hold that this question alone suggests that the jury was so confused as to warrant a new trial on this issue.

**1. The Jury's Finding of a Legitimate Reason For the Adverse Employment Action Was Not Contrary to the Clear Weight of the Evidence**

Plaintiff argues that the jury's conclusion that the conduct it deemed an adverse employment action was also motivated by a legitimate reason was contrary to the clear weight of the evidence because (1) there was no evidence of a legitimate reason to transfer Plaintiff to Juvenile, (2) evidence of any legitimate reason not to give Plaintiff a supervisory position was insufficient, and (3) there was no evidence of a legitimate reason to issue Plaintiff a disciplinary letter.  (Mot. New Trial 4–8, ECF No. 138)

Though the parties and the Court break up the analysis into these three employment actions, the Court notes that, as to the retaliation claim, the jury did not determine which of the County's employment actions it deemed "adverse," but rather determined that the County "engaged in conduct that, taken as a whole," constituted an adverse employment action.[3]  (Special Verdict Form 5, ECF No. 134)  Nevertheless, for purposes of the following analysis, the Court will assume that each of the individual employment actions was "adverse."  If each of the individual adverse employment actions were motivated by a legitimate reason, then collectively they may be deemed to have been motivated by a legitimate reason.

*A.  Transfer to Juvenile*

Plaintiff challenges the jury's finding that her transfer to Juvenile was motivated by any legitimate reason because the County "never could articulate with actual evidence at trial any actual County need for Coyne's transfer" other than "to accommodate Coyne's childcare needs."  (Mot. New Trial 4, ECF No. 138)  However, given the evidence before it, the jury was entitled to find that Plaintiff's transfer was based on a legitimate need to accommodate Plaintiff's unique scheduling demands so as best to serve both her and the County's interests.

There was evidence that Plaintiff needed a flexible schedule in order "to be available to tutor [her] son daily between 3:00 and 5:00 p.m.; [and she needed to be] available every Wednesday afternoon from 1:30 to pick [her] son up in Poway to take him to weekly speech

---

[3] In fact, as to the gender discrimination claim, the jury found only the disciplinary letter to be an adverse employment action.  (Special Verdict Form 2, ECF No. 134)

therapy." (Def.'s Trial Ex. 256 (Email from Coyne to Carroll regarding transfer, dated 4/17/07))

In addition, Plaintiff indicated that she would be required to take time off to attend "periodic

neurology appointments, neuro-psych and auditory processing testing, and meetings with school

authorities." (*Id.*) Although Plaintiff desired to remain at the El Cajon office because it was

geographically closer to her home, the jury also heard evidence that the more flexible afternoon

schedule at the Juvenile placement was better suited to Plaintiff's unique scheduling demands, and

that the transfer would therefore "both meet [Plaintiff's] needs and the county's." (*Id.*)

Despite Plaintiff's assertions to the contrary, based on the evidence it heard, the jury could

have determined that Plaintiff was transferred in order to accommodate her need for a flexible

afternoon schedule, and that a transfer on this basis constituted a "legitimate reason" for the

employment action taken. Plaintiff unpersuasively argues that pursuant to the County's own

transfer guidelines it must articulate a County "need" for the transfer, and that the County plainly

failed to do so because its justification for the transfer was Plaintiff's—not the County's—needs.

(Mot. New Trial 4–5, ECF No. 138) Specifically, the Public Defender Policy and Procedure

Manual states that "[d]ecisions regarding staffing, assignment, reassignment and personnel

rotation and supervision are based on the following order of priorities: 1. The needs of the

Department of the Public Defender. 2. The professional development of the employee. 3. The

stated preferences of the employee. 4. The location of the employee's residence." (Def.'s Trial

Ex. 268) But the jury heard evidence and was entitled to conclude that in order to both

accommodate Plaintiff's schedule and the County's need for Plaintiff to "provide fulltime work

services in return for [her] fulltime salary," the County "needed" to transfer Plaintiff to Juvenile.

(Def.'s Trial Ex. 260 (2-page copy of a 9/28/07 email to Coyne from Carroll))[4]

Thus, in light of the evidence presented and the jury's verdict, it appears that the jurors

believed that Coyne was transferred to Juvenile at least in part to accommodate her scheduling

---

[4] In opposition to Plaintiff's motion, the County offered several additional purportedly "legitimate reasons" for Plaintiff's transfer, including that rotations are routine in the department and that Plaintiff had "burned some bridges" in the El Cajon office. (Resp. in Opp'n 4, ECF No. 141) Because the Court concludes that the transfer for scheduling purposes constituted a legitimate reason and because Plaintiff argues that the County did not transfer her "for any reason other than her schedule," (Reply in Supp. 2, ECF No. 142), the Court does not address these additional arguments.

1   needs, and that the jury deemed a transfer on this basis to be a legitimate reason. The Court cannot

2   find that this conclusion is against the great weight of the evidence and declines to grant Coyne's

3   motion on this basis.

4   ***B. Supervisory Position***

5       Plaintiff next challenges the jury's finding that she was denied a supervisory position for

6   any legitimate reason because "[t]he only conclusion the evidence supports is that Coyne was not

7   put into nor was she ever considered for a supervisory position because she was engaging in

8   protected activities." (Mot. New Trial 6, ECF No. 138) However, given the evidence before it,

9   the jury was entitled to conclude that Coyne was never assigned to a supervisory position for

10  reasons other than her engaging in protected activities.

11      The jury heard and considered the following evidence: Plaintiff became a Deputy Public

12  Defender in 1989 and was eventually promoted to a Level V Deputy Public Defender as of late

13  1997 or 1998. According to County policy, an employee in a Level V Deputy position is qualified

14  to be in a supervisory position. And yet, Plaintiff never served in a supervisory role despite her

15  repeated requests to do so and her consistently positive performance reviews. County

16  representatives responsible for making promotional decisions testified that Plaintiff would be

17  unable to take on a supervisory role at the El Cajon office so long as she required the flexible

18  afternoon scheduled necessary to care for her son. And numerous witnesses for both the County

19  and for Plaintiff spoke to Plaintiff's perceived qualifications for a supervisory role.

20      The jury also heard evidence that following a series of promotions in 2007, women in the

21  public defender's office filed complaints of gender discrimination, and Plaintiff actively supported

22  the women's appeal. In fact, Plaintiff spoke at a meeting of the "Commission on the Status of

23  Women" on March 7, 2007. It is this support of her female coworkers' discrimination claim that

24  Plaintiff contends was the protected activity she engaged in, prompting the County's retaliation.

25      Plaintiff points to the failure to promote her to a supervisory position in 2005, 2007, or

26  2009, arguing that she was denied a supervisory position solely due to her engagement in protected

27  activities. As to the 2005 promotions, the jury's conclusion that Plaintiff was not promoted based

28  on some legitimate reason was not against the weight of the evidence: as of 2005, Plaintiff had not

yet engaged in—and therefore could not be retaliated against for engaging in—any protected activity.  Instead, the jury apparently concluded that Plaintiff was not promoted in 2005 for some legitimate reason such as the fact that she would be unable to take on a supervisory role while maintaining her flexible schedule or that she was not suited for the position.  (*See* Resp. in Opp'n 5–6, ECF No. 141)  The Court finds that this determination is not against the great weight of the evidence.

As to the 2007 and 2009 promotions, the jury also found that there was some legitimate reason for the County's decision not to promote Coyne.  First, evidence was presented that Plaintiff would be unable to serve in a supervisory position at the El Cajon office unless or until her son's needs had abated such that she could take on a regular nine-to-five schedule.  (Def.'s Trial Ex. 256 (noting, in an email from Plaintiff to Mr. Carroll, that Mr. Carroll had indicated to Plaintiff in early 2006 that she would not be considered for a supervisory position due to her son's accommodation, which was required at least until Plaintiff's son completed middle school in June 2009))  Though Plaintiff contests the date that her son's needs no longer required her to take afternoons off, the jury was entitled to conclude based on her statement in an email to Mr. Carroll that she wished to be in El Cajon until at least June 2009 that her son's needs would continue until then.

Second, evidence was presented that Plaintiff may not have been qualified for a supervisory position.  Although Plaintiff received consistently positive performance reviews, because she had never served in a supervisory capacity, none of these performance reviews addressed her capabilities as a leader.  (*See, e.g.*, Pl.'s Trial Ex. 92 (2004 Performance Review); Pl.'s Trial Ex. 105 (2006 Performance Review); Pl.'s Trial Ex. 136 (2007 Performance Review); (Pl.'s Trial Ex. 160 (2008 Performance Review))  Moreover, the County offered testimony from those responsible for hiring and promotional decisions, including Mr. Carroll.  Mr. Carroll credibly testified that although Coyne was offered assistant supervisor roles, she rejected these roles despite the fact that they "would be a logical stepping stone toward branch supervision." (Resp. in Opp'n 5, ECF No. 141)  In fact, Mr. Richardson, who was promoted over Coyne in 2005, had served as a "long-time" assistant supervisor before receiving a promotion to a supervisory

position.  (Resp. in Opp'n 5, ECF No. 141)

And finally, the jury heard testimony from several of Plaintiff's coworkers regarding their opinions of Plaintiff's suitability for a supervisory role.  This testimony weighed both in favor of and against Plaintiff; the jury apparently credited the testimony of those who thought Coyne was not qualified for a supervisory position over the testimony of those who thought she was qualified. Having determined that the witnesses' credibility is not an issue, it is not for the Court to interject its own evaluations of the testimony for those of the jurors.

Thus, the conclusion that the County's failure to promote Plaintiff was based on a legitimate reason is not against the great weight of the evidence.  As such, the Court declines to grant a new trial on this basis.

### C. Disciplinary Letter

Finally, Plaintiff challenges the jury's conclusion that the County's issuance of a disciplinary letter was based on a legitimate reason.  She argues that "[t]here is no competent evidence that there was any legitimate reason for the letter of reprimand or the letter of warning" that she received in light of her substandard work product on a motion to disqualify a Superior Court Judge she filed in November 2008.  (Mot. New Trial 8, ECF No. 138)

Plaintiff received the letter of reprimand—later downgraded to a letter of warning—in March 2009.  The letter informed Plaintiff that "[t]he points and authorities [she] filed with [her] motion, which was apparently a boilerplate motion that had been originally filed for a different case, falls short of the quality of work expected of a Deputy Public Defender V in numerous ways."  (Def.'s Trial Ex. 280 (Letter of Reprimand))  The letter went on to delineate some of the deficiencies of the motion, including that the motion stated the incorrect client name, that it appeared overall "unprofessional and sloppy," that it failed to comply with several of the California Rules of Court, and that "the tone of the motion [was] very disparaging and demeaning to a sitting member of the Superior Court bench."  (*Id.*)  The letter explained that the deficiencies were problematic in and of themselves, but were especially serious in light of the nature of the motion.  (*Id.*)

//

1   The jury reviewed the letter of reprimand and the allegedly substandard motion itself, and
2   heard testimony from several witnesses regarding the County's disciplinary procedures.  Although
3   Plaintiff urges the Court to utilize its own "common sense understanding of the nature of motions
4   for cause," arguing that "[l]etters of reprimand are not issued for typographical errors," (Mot. for
5   New Trial 7, ECF No. 138), the Court declines to substitute its own "common sense" evaluations
6   of the evidence for that of the jury's, and notes that the jury was entitled to conclude that the
7   motion contained more than mere "typographical errors."  Based on the evidence, the jury
8   apparently concluded that the letter of reprimand was issued based on a legitimate
9   reason—namely, that Plaintiff's substandard filing warranted this disciplinary action—and the
10  Court finds that this conclusion is not against the great weight of the evidence.  Thus, Coyne's
11  motion for a new trial is denied on this basis as well.

12  **2.  The Jury's Finding that Defendant Would Have Made the Same Decisions Absent a**
13  **Retaliatory Motive Was Not Contrary to the Clear Weight of the Evidence**

14  Having determined that the jury's conclusion that each of the adverse employment actions
15  was motivated at least in part by some legitimate reason, the Court next turns to the jury's
16  conclusion that the County would have made the same employment decisions absent any
17  retaliatory motive.  The jury concluded—and Plaintiff does not challenge—that Plaintiff's
18  "involvement in a protected activity was a motivating factor for the conduct [the jury] found to be
19  an adverse employment action."  (Special Verdict Form 5, ECF No. 134)  Nevertheless, the jury
20  concluded—and Plaintiff does challenge—that the County would have made the same decisions
21  "even if plaintiff's participation in a protected activity played no role."  (*Id.*)[5]

22

23  [5] The jury was instructed as to the "mixed motive" affirmative defense as follows:

24  If you find that the employer's action was actually motivated by both
    discriminatory and non-discriminatory reasons, the employer is not liable if it can
25  establish by a preponderance of the evidence that its legitimate reason, standing
    alone, would have induced it to make the same decision.
26

27  An employer may not, however, prevail in a mixed-motives case by offering
    a legitimate and sufficient reason for its decision if that reason did not motivate it at
    the time of the decision.  Neither may an employer meet its burden by merely
28  showing that at the time of the decision it was motivated only in part by a legitimate
    reason.  The essential premise of this defense is that a legitimate reason was present,

1    Again, the Court breaks up its analysis into the three employment actions.  If each of the

2   individual adverse employment actions would have been taken absent any retaliatory motive, then

3   collectively they may be deemed to have been taken absent any retaliatory motive.  However, as to

4   each of these three employment actions, Plaintiff's only argument against the jury's conclusion

5   that the County would have taken the same action absent a retaliatory motive is based on her

6   erroneous conclusion that there was no motive other than a retaliatory one.  On this basis alone,

7   the Court finds that Plaintiff's motion should be denied in light of the fact that, as discussed above,

8   the jury's finding of a legitimate reason for each of the employment actions was not against the

9   great weight of the evidence.  Even assuming Plaintiff had argued that, notwithstanding the

10  existence of some permissible motive, the jury's conclusion that the County would have taken the

11  same action absent a retaliatory motive was against the great weight of the evidence, however, the

12  Court's conclusion is unchanged.

13  *A.  Transfer to Juvenile*

14    Plaintiff argues that the evidence does not show that the County would have transferred her

15  "regardless of any retaliatory circumstance."  (Mot. New Trial 4, ECF No. 138)  Rather, she

16  contends that "the only rational explanation for the transfer was . . . [the] County's improper

17  response to Coyne engaging in protected activity, namely, her complaints concerning Mr.

18  Richardson's promotion."  (*Id.* at 5).  But the Court has already concluded that there was another

19  "rational explanation" for the transfer: to balance the County's needs for Plaintiff to carry a full-

20  time schedule with Plaintiff's unique scheduling demands requiring flexible afternoon hours.

21    The jury heard evidence that Plaintiff actively spoke out about her belief that Mr.

22  Richardson was unfairly promoted over her due to his gender and that he was unqualified to serve

23  in a supervisory capacity.  Although the County may have retaliated against Coyne for this

24  conduct, the jury also heard ample evidence regarding other, legitimate motives for transferring

25  Plaintiff to Juvenile.  And the jury ultimately concluded that the County would have transferred

26  ─────────────────────

27    and standing alone, would have induced the employer to make the same decision.

28  (Jury Instructions 22, ECF No. 133 (Court's Instruction No. 19)).  Plaintiff does not contest this jury
    instruction.

1   Plaintiff even absent its motive to retaliate against her for engaging in protected conduct.  Given

2   the evidence before the jury, the Court cannot conclude that this determination was against the

3   great weight of the evidence.  Thus, Plaintiff's motion for a new trial on this basis is denied.

4   **B. Supervisory Position**

5       Plaintiff's primary argument against the jury's conclusion that the County would have

6   made the same decisions absent a retaliatory motive is that "[t]here was no evidence Coyne would

7   have been denied a supervisor position regardless of retaliatory motive."  (Mot. New Trial 6, ECF

8   No. 138)  This argument is again premised on the erroneous conclusion that there was no

9   legitimate reason for failing to promote Plaintiff.  (*See id.* ("The only conclusion the evidence

10  supports is that Coyne was not put into nor was she ever considered for a supervisory position

11  because she was engaging in protected activities."))  But the Court has already concluded that the

12  evidence did support another conclusion: that Plaintiff was not put into or considered for a

13  supervisory position because of her need for a flexible schedule and because she was not suited for

14  a supervisory role.

15      The jury concluded that the decision not to promote Plaintiff was based on both

16  permissible and impermissible bases, but that the County would have made the same decision even

17  absent its impermissible, retaliatory motive.  The Court does not find that the jury's conclusion

18  was against the great weight of the evidence.  In addition to the evidence concerning Plaintiff's

19  protected activities, the jury heard ample evidence regarding Plaintiff's qualifications to serve in a

20  supervisory capacity as well as her inability to take on a supervisory role at the El Cajon office so

21  long as her son's accommodations required her to keep a flexible afternoon schedule.  Based on its

22  consideration of the evidence, the jury concluded that the County would not have promoted

23  Plaintiff even absent its motive to retaliate against her for engaging in protected conduct.  The

24  Court finds this determination to be in line with the evidence and therefore denies Plaintiff's

25  motion on this basis.

26  //

27  //

28  //

1  *C. Disciplinary Letter*

2      Finally, Plaintiff argues that "such a letter of reprimand and then letter of warning would

3  [not] have been issued to Coyne had it not been for the fact that she was engaged in litigation."

4  (Mot. New Trial 7–8, ECF No. 138)  She reaches this conclusion based on her argument that

5  "[t]here is no competent evidence that there was any legitimate reason for the letter of reprimand

6  or the letter of warning."  (*Id.* at 8)  But there was competent evidence of legitimate reasons for the

7  letters: the County was taking appropriate disciplinary action for Plaintiff's substandard work

8  product.

9      The jury's conclusion that the County would have issued the disciplinary letter even absent

10  its retaliatory motive is not against the great weight of the evidence.  The evidence indicated that

11  Plaintiff filed the instant suit in February 2008, that she filed the allegedly substandard motion in

12  November 2008, and that she thereafter received a disciplinary letter in March 2009, while the

13  parties were actively engaged in litigation.  Nevertheless, the evidence also showed ample

14  justification for the disciplinary letter other than retaliation against Plaintiff for participating in the

15  ongoing litigation.  Thus, the jury was entitled to conclude that notwithstanding the County's

16  impermissible motives, the County would have issued Coyne the disciplinary letter.  The Court

17  therefore denies Plaintiff's motion on this basis as the jury's conclusion was not against the great

18  weight of the evidence.

19                              **CONCLUSION**

20      For the reasons stated above, Plaintiff's motion for a new trial is **DENIED**.  The jury's

21  conclusions that there was a legitimate reason for the conduct it deemed an adverse employment

22  action and that the County would have made the same decisions even if Plaintiff's participation in

23  a protected activity played no role were not against the great weight of the evidence.  Thus, there

24  is no justification for the Court to order a new trial.

25      **IT IS SO ORDERED**.

26  DATED:  December 20, 2011

27  _Janis L. Sammartino_
    _____
    Honorable Janis L. Sammartino
28  United States District Judge